1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5531
    Fax: (415) 703-5843
8   Email: Denise.Yates@doj.ca.gov
   Attorneys for Respondent Ben Curry, Acting Warden
9  at the Correctional Training Facility
   SF2007200609

10

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14

| | |
|---|---|
| **JAMES HOWARD ERBES,** | No. C 07-3833 WHA (PR) |
| Petitioner, | **RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| **B. CURRY, WARDEN,** | |
| Respondent. | |

21      TO PETITIONER JAMES HOWARD ERBES, IN PRO PER,

22      PLEASE TAKE NOTICE that Respondent Ben Curry, Acting Warden at the Correctional

23  Training Facility, moves this Court to dismiss the Petition for Writ of Habeas Corpus, pursuant

24  to 28 U.S.C. § 2254 and Rules 2 and 4 of the Rules Governing § 2254 Cases in the United States

25  District Courts, on the ground that Erbes did not exhaust his state court remedies for all of his

26  claims. This motion is based on the notice and motion, the supporting memorandum of points

27  and authorities and exhibit, the petition for writ of habeas corpus, the court records in this action,

28  and other such matters properly before this Court.

---

Resp't's Not. of Mot. & Mot. to Dismiss; Supporting Mem. of P. & A.                    *Erbes v. Curry*
                                                                                      No. C 07-3833 WHA (PR)

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Petitioner Erbes (C-60318) is a state inmate serving an indeterminate life sentence and is proceeding pro se in this matter. (Pet. 1-2.) Erbes alleges the Board of Parole Hearings's violated his federal due process and equal protection rights when the Board denied him parole on July 27, 2006. (Pet. 3.) This Court found cognizable Erbes's following four due process claims: (1) the Board applied a blanket "no parole for murders policy," denying him individualized consideration of his circumstances; (2) the Board's decision was arbitrary and capricious and not supported by the evidence; (3) the Board denied Erbes parole for the eleventh time based on the circumstances of his crime; and (4) the denial of parole breached his plea bargain. (Order to Show Cause 2.) This Court did not find cognizable Erbes's equal protection claim. (*Id.*) Because Erbes did not fairly present to the California Supreme Court all of the due process claims this Court found cognizable, some claims are unexhausted and this Court must dismiss this mixed petition.

### ARGUMENT

### THIS PETITION MUST BE DISMISSED BECAUSE IT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS.

Because Erbes did not exhaust all of his federal due process claims in the California Supreme Court, this Court must dismiss this mixed petition. A federal habeas petitioner must exhaust his available state court remedies before a federal court may grant his petition. 28 U.S.C. § 2254(b)(1)(A). If one or more claims in the federal petition have not been exhausted, the district court must dismiss the petition. *Pliler v. Ford*, 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). This rule provides the state courts a full and fair opportunity to resolve federal constitutional claims before they are presented to the federal court, thus "protect[ing] the state courts' role in the enforcement of federal law." *Rose*, 455 U.S. at 518.

It is the petitioner's burden to prove he has exhausted his state court remedies before filing his federal habeas petition. *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972) (per

---

Resp't's Not. of Mot. & Mot. to Dismiss; Supporting Mem. of P. & A.

*Erbes v. Curry*
No. C 07-3833 WHA (PR)

1   curiam). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented'

2   his federal claim to the highest state court with jurisdiction to consider it [citations] . . . or (2) he

3   demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th

4   Cir. 1996). In California, a petitioner exhausts his federal claim by fairly presenting it to the

5   California Supreme Court. *Kim v. Villalobos*, 799 F.2d 1317, 1318 (9th Cir. 1986). Finally, a

6   petitioner has not exhausted the available state court remedies "if he has the right under the law

7   of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

8       Here, it appears that Erbes did not fairly present two of his federal due process claims to

9   the California Supreme Court before seeking federal habeas relief. First, in the seven pages

10  comprising ground four of his federal petition, Erbes asserts that the Board's denial of parole

11  violated his plea agreement because the Board effectively treated his crime as a first-degree,

12  rather than a second-degree, murder. (Pet., Ground Four.) Yet in his petition for review, Erbes

13  did not assert a violation of his plea bargain as a separate ground, and it appears he referred to his

14  plea once and only in passing. (Ex. 1 at 2 ["May the BPH's and/or governor's lay opinions and

15  standardless assessment of the gravity of the offense disregard a jury's and/or court's

16  determination and/or a plea agreement?"].) Thus, Erbes did not fairly present to the California

17  Supreme Court his federal challenge to his plea agreement, and this claim is unexhausted.

18      Second, Erbes specifically alleges in his federal petition that the Board denied him parole

19  pursuant to a no-parole policy. (Pet., Ground One at 3 & A.) Yet nowhere in his petition for

20  review does Erbes refer to the Board's alleged no-parole policy. Thus, this claim is also

21  unexhausted.

22      Erbes is not precluded from exhausting his state court remedies for these two claims

23  because the California Supreme Court has original jurisdiction to review petitions for writs of

24  habeas corpus. Cal. Const. art. VI, § 10. Thus, Erbes can still file a habeas petition in the

25  California Supreme Court alleging the unexhausted claim. Accordingly, Erbes has not

26  "reach[ed] the point where he has no state remedies available to him," *Peterson v. Lampert*, 319

27  F.3d 1153, 1156 (9th Cir. 2003), and the petition must be dismissed.

28  ////

**CONCLUSION**

Erbes did not fairly present all of his current federal due process claims to the California Supreme Court. Therefore, this Court must dismiss this petition because it contains exhausted and unexhausted claims.

Dated: September 25, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

DENISE A. YATES
Deputy Attorney General

Attorneys for Respondent Ben Curry, Acting
Warden at the Correctional Training Facility

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **ERBES, JAMES HOWARD v. B. CURRY, Warden**

No.:   **C07-3833 WHA**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **September 28, 2007**, I served the attached

### RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**James Howard Erbes**
**C-60318**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA 93960-0689**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 28, 2007**, at San Francisco, California.

| J. Palomino | |
| --- | --- |
| Declarant | Signature |

20106285.wpd