IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HOWARD ERBES,<br><br>          Petitioner,<br><br>   vs.<br><br>B. CURRY, Warden,<br><br>          Respondent.<br>                                    / | No. C 07-3833 WHA (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DISMISSAL WITH LEAVE TO AMEND** |

This is a habeas case filed pro se by a state prisoner. Respondent has responded to the order to show cause with a motion to dismiss the petition as mixed. Petitioner has opposed the motion and respondent has filed a reply. For the reasons set out below, the motion is **GRANTED**.

**DISCUSSION**

Petitioner presented four issues in his petition: (1) the board violated his due process rights when it applied a blanket "no parole for murders policy," denying him individualized consideration of his circumstances; (2) the Board's decision was arbitrary, capricious, and not supported by the evidence; (3) his due process rights were denied when the Board denied parole for the eleventh time based on the circumstances of his crime; and (4) the denial of parole breached his plea bargain. Respondent contends that issues one and four are not exhausted and so has moved to dismiss the petition as mixed.

An application for a federal writ of habeas corpus filed by a prisoner who is in state

custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available[1] with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his or her habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

The United States Supreme Court held in *Rose v. Lundy*, 455 U.S. 509 (1982), that federal courts must dismiss a habeas petition which contains one or more unexhausted claims. *Id.* at 522 (1982). If the petition combines exhausted and unexhausted claims, *Rose v. Lundy* requires dismissal of the entire habeas petition without reaching the merits of any of its claims. *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). However, the rule is not as absolute as might first appear. *Rose* itself provides that the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the court can then consider those which remain. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). And there are two other exceptions: one is that when the petition fails to raise even a colorable federal claim, it may be denied even if it is partly or entirely unexhausted, 28 U.S.C. § 2254(b)(2), and the other is that rather than dismiss, the court may stay a mixed petition to allow the petitioner to return to state court to exhaust the unexhausted issue or issues, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Petitioner's state habeas petition was denied in the California Court of Appeal. Petitioner then petitioned for review in the California Supreme Court. Respondent contends that the petition for review was insufficient to fairly present his claim that his plea agreement was breached and his claim that the Board has a "no parole" policy.

---

[1] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *Id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *Id.* at 1006 n.3.

1 ///

2   For purposes of exhaustion, pro se petitions in state court may, and sometimes should,
3 be read differently from counseled petitions. *Peterson v. Lampert*, 319 F.3d 1153, 1159 (9th
4 Cir. 2003) (en banc). "When a document has been written by counsel, a court should be able to
5 attach ordinary legal significance to the words used in that document." *Id.* at 1158. When it
6 has been written by a pro se petitioner, a court may need to be more flexible. *See, e.g., Sanders
7 v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003) (petitioner's pro se status in state court was a factor
8 in favor of finding exhaustion where prisoner claimed ineffective assistance of counsel but
9 failed to cite federal constitution or federal case law in support of his claim). Neither confused
10 arguments nor poor lawyering will necessarily defeat a pro se petitioner's otherwise-adequate
11 efforts to assert a federal claim in state court. *Sandgathe v. Maass*, 314 F.3d 371, 378 (9th Cir.
12 2002) (holding that citation of inapposite federal cases did not change the fact that the petitioner
13 raised the pertinent argument on appeal; argument was deemed "fairly presented" because state
14 courts expressly addressed federal claim, directly or by implied adoption of lower court ruling,
15 even though the petitioner did not expressly assert federal grounds for the claim).

16   The exhaustion requirement is satisfied only if the federal claim has been "fairly
17 presented" to the state courts. *Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1996). A claim is
18 "fairly presented" only if the petitioner either referenced specific provisions of the federal
19 constitution or federal statutes, or cited to federal or state case law analyzing the federal issue.
20 *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). The specific factual basis
21 of the federal claim also must be presented to the highest state court. *Kelly v. Small*, 315 F.3d
22 1063, 1067-69 (9th Cir. 2003) (finding unexhausted ineffective assistance of counsel and
23 prosecutorial misconduct claims where specific instances of ineffectiveness and misconduct
24 asserted in federal petition were neither in the California Supreme Court petition nor discussed
25 by the court of appeal).

26   The petition here is on a form. In the section in which the petitioner is asked to state his
27 or her claims for relief, petitioner says "see attached paperwork." The attachment (document 2
28 on the docket) is a copy of part of a state form habeas petition, with additional sheets, setting

3

out the four issues that were included in the order to show cause. The attachment omits the first and last pages of the state petition, so it is not possible tell which state petition it is. After the denial of his petition in the California Court of Appeal petitioner filed a petition for review in the California Supreme Court. A copy of the petition for review is included in the attachments to the petition, and it is exhibit one to respondent's motion to dismiss.

The petition for review, unlike the state habeas petition, contained only three issues, and quite clearly did not include issue four, the "breach of plea bargain" issue. Respondent contends that it also did not include issue one, the contention that the Board has a "no parole for murders" policy. The petition for review did, however, contain the same issue that was labeled issue one in the order to show cause, a contention that the Board did not give petitioner individualized consideration, and some argument about the Board's uniform failure to grant parole (Mot. Dismiss, Exh. 1 at 2.). On balance, this was sufficient to exhaust. The only unexhausted issue, therefore, is issue one. Even one unexhausted issue is, of course, sufficient to render the petition mixed, and thus the motion to dismiss must be granted.

**CONCLUSION**

1. Respondent's motion to dismiss (document number 5 on the docket) is **GRANTED**.

2. Petitioner may chose from three possible courses of action: (1) he may dismiss this petition with an eye to exhausting and then filing another federal petition;[2] (2) he may amend the petition to dismiss the unexhausted issue, and proceed with those which are exhausted;[3] or (3) he may ask for a stay of this case while he returns to state court to attempt to exhaust the plea bargain issue, then, if unsuccessful in state court, return here and ask that the stay be lifted. If he chooses the third option, asking for a stay, he must show "good cause" for his failure to exhaust sooner, that the issue is "potentially meritorious," and that he has not engaged in "dilatory litigation tactics." *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

---

[2] This option is more apparent than real, because any subsequent federal petition would almost certainly be barred by the statute of limitations.

[3] If he chooses this option he probably will not be able to file a future federal petition containing the plea bargain issue, because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).

4

3.     Petitioner must elect one of the three choices set out in section three within thirty days of the date this order is entered. If he does not, this case will be dismissed.

**IT IS SO ORDERED.**

Dated: September   8   , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\ERBES3833.DIS-mixed.wpd