IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HOWARD ERBES,<br><br>       Petitioner,<br><br>   vs.<br><br>B. CURRY, Warden,<br><br>       Respondent.                        / | No. C 07-3833 WHA (PR)<br><br>**ORDER DENYING MOTION FOR STAY; STRIKING UNEXHAUSTED CLAIM; TO SHOW CAUSE**<br><br>**(Docket No. 11)** |

This is a habeas case filed pro se by a state prisoner. Respondent's motion to dismiss the petition as mixed was granted because one of the four issues – that the denial of parole breached his plea bargain – was not exhausted. Petitioner was given the following three options: (1) dismiss this petition with an eye to exhausting and then filing another federal petition;[1] (2) amend the petition to dismiss the unexhausted issue, and proceed with those which are exhausted; or (3) ask for a stay of this case while he returns to state court to attempt to exhaust the unexhausted plea bargain issue and then, if unsuccessful in state court, return here and ask that the stay be lifted. Petitioner chose the third option and filed a motion for stay, which respondent has opposed. The motion for a stay will be denied, the unexhausted claim stricken, and respondent will be ordered to show cause why the petition should not be granted based on petitioner's three exhausted claims.

---

[1] Petitioner was cautioned that this option is more apparent than real because any subsequent federal petition would almost certainly be barred by the statute of limitations.

**ANALYSIS**

Petitioner was instructed that if he chose the third option, asking for a stay, he would have to show "good cause" for his failure to exhaust sooner, that the issue is "potentially meritorious," and that he has not engaged in "dilatory litigation tactics." *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Petitioner has made no attempt to make any of these three showings in his motion for a stay. Accordingly, his motion for a stay will be denied.

Having been denied a stay, it is unclear which of the other two options petitioner wishes to pursue. Petitioner was cautioned that the first option – dismissing the entire petition and then filing another petition at a later date – is more apparent than real because any subsequent federal petition would almost certainly be barred by the statute of limitations. As a result, petitioner presumably would opt to pursue the second option of deleting his unexhausted claim because this would at least allow him to proceed with the three claims that he has exhausted. The unexhausted plea bargain claim, i.e. the claim listed as the fourth claim in the order to show cause, will therefore be stricken from the petition, and respondent will be ordered to show cause why the petition should not be granted based on petitioner's other three claims. If petitioner would prefer the first option of dismissing this matter with an eye to exhaustion and then filing a habeas petition in the future, provided that he is mindful of the likelihood that such a future petition would be barred as untimely, he may of course file a motion to voluntarily dismiss this matter at any time and the case will be dismissed without prejudice.

**CONCLUSION**

1. Petitioner's motion for a stay is (document number 11 on the docket) is **DENIED**.

2. Petitioner's unexhausted claim that the denial of parole breached his plea bargain is **STRICKEN**.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the

issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated:   September 11, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\ERBES3833.OSC2.wpd

3